UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| MATHEW R. DUGGER, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>BUCHANAN COUNTY DEPARTMENT )<br>OF SOCIAL SERVICES, and )<br>BRIDGETT MCGRAW (in her )<br>official capacity), )<br>)<br>*Defendants*. ) | Case No. 1:23cv38 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Buchanan County Department of Social Services (Virginia) and Bridgett McGraw (in her official capacity as an employee of the Buchanan County Department of Social Services), by counsel, submit this memorandum in support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

Mathew R. Dugger ("the plaintiff" or "Mr. Dugger") filed this complaint *pro se* pursuant to 42 U.S.C. § 1983, alleging numerous violations of his constitutional rights arising out his lack of access to his daughter pursuant to an emergency protective order entered against him, and then a brief period in which the child was in foster care before being released to his custody. The defendants are Bridgett McGraw, Child Protective Services Supervisor employed by the Buchanan County Department of Social Services, as well as the Buchanan County Department of Social Services itself.

The plaintiff seeks compensatory damages in the amount of $150,000.00, injunctive relief in the form of an order making Defendant Buchanan County Department of Social Service

1

ineligible for federal funding under the Adoptions and Safe Families Act of 1997, and punitive damages against Defendant Bridgett McGraw in the amount of $10,000.00.

## STATEMENT OF FACTS

Plaintiff Mathew Dugger ("Mr. Dugger") lives in Johnson City, Tennessee. ECF #2, p. 2. He is the father of an unnamed daughter ("the child") with Sabrina Tolley. *Id.*, p. 9. On January 8, 2023, Ms. Tolley did not return the child to Mr. Dugger after a weekend visitation. *Id.* On January 9, 2023, Ms. Tolley went to Magistrate Eddie Stiltner in Buchanan County, Virginia, where presumably she resided, to seek an ex-parte emergency protective order for the protection of the child against Mr. Dugger, alleging that Mr. Dugger had threatened to kill the child. *Id.*, p. 10. Magistrate Stiltner issued an emergency protective order as requested, to expire at 11:59 p.m. on January 18, 2023. *Id.*, p. 8. Pursuant to this order, Mr. Dugger could not see or speak to his child. *Id.*, p. 12. He alleges that Magistrate Stiltner, in issuing the order for such a long period of time, violated his Fourteenth Amendment right to due process, his Fourth Amendment right to be free from unreasonable search and seizure, and his Sixth Amendment right to confront his accuser. *Id.*, p. 10.

On January 11, 2023, Mr. Dugger went to the clerk's office for the Buchanan County Juvenile and Domestic Relations Court and attempted to file a motion to amend or dismiss the emergency protective order and was told he could not do so by Jennifer Mays, Deputy Court Clerk. *Id.* Mr. Dugger alleges that Ms. Mays violated his Fourteenth Amendment rights through this refusal. *Id.*

On January 13, 2023, Buchanan County Department of Social Services ("DSS") received a complaint about conditions at Ms. Tolley's house and sought an emergency removal order for the child. *Id.*, p. 11. DSS removed the child from Ms. Tolley, alleging abuse plaintiff

characterizes as "environmental." *Id.* DSS could not place the child with the father, Mr. Dugger, because he remained under the emergency protective order Ms. Tolley had obtained, and having no other options, DSS placed the child in foster care. *Id.*

On January 18, 2023, Judge Laura O'Quinn of the Buchanan County Juvenile and Domestic Relations Court held a preliminary hearing on the DSS request for a removal order. *Id.* During that hearing, Mr. Dugger was still, for a few more hours, under the restriction of the emergency protective order, and Judge O'Quinn could not grant him custody. She explained to him that until the emergency protective order expired, she could not allow contact between Mr. Dugger and his child, and that she did not have jurisdiction to amend or remove the emergency protective order. *Id.* Judge O'Quinn ordered the child to stay in foster care until the adjudicatory hearing on the DSS removal, which she set for February 1, 2023. *Id.* Mr. Dugger alleges that Judge O'Quinn violated his Fourth and Fourteenth Amendment rights in failing to amend the emergency protective order or allowing DSS to return the child to him on the morning of January 19, 2023. *Id.*, pp. 8, 12.

On February 1, 2023, the parties returned to the courtroom of Judge O'Quinn, who ordered that the child should return that day to the physical custody of the father, Mr. Dugger, who was by then no longer constrained by the emergency protective order. *Id.*, p. 12. Buchanan County DSS retained legal custody of the child until the final dispositional hearing on February 28, 2023, when that too was returned to Mr. Dugger. *Id.*

ARGUMENT

I.  STANDARD OF REVIEW.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim: "it does not resolve contests surrounding the

facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, with all factual allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).

A court need not "accept the legal conclusions drawn from the facts" or accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Further, the court need not accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "enriching commentary," *Almarode v. Newton*, Civil Action No. 3:16CV637-HEH, 2017 U.S. Dist. LEXIS 4894 at *6 (E.D. Va. Jan. 12, 2017). Pro se complaints are given a liberal construction. *United States v. Brown*, 797 F. App'x 85, 89 (4th Cir. 2019).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678-79 and *Gooden*

4

*v. Howard Cnty., Md*., 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)). "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Id.* at 193.

II.   PLAINTIFF FAILS TO STATE ANY CLAIM AGAINST THESE DEFENDANTS.

The plaintiff's complaint alleges that he was separated from his child for twenty-six days and that such separation violated his constitutional rights, citing various amendments. He lists numerous people by name and states which constitutional amendments he believes each person violated. He names, specifically, Magistrate Eddie Stiltner, Judge Laura O'Quinn, and JDR Deputy Clerk Jennifer Mays. Although he mentions the Buchanan County DSS as the entity who removed his child from her allegedly abusive mother and provided foster care, he never alleges that DSS violated any of his rights. He never mentions Ms. McGraw by name anywhere in his complaint except in the caption. Mr. Dugger fails to allege that either defendant violated any of his rights, specifically alleges that other people not named as defendants did violate his rights, and his complaint must be dismissed.

Mr. Dugger's complaint boils down to a magistrate's entry of an emergency protective order for too long a period, a clerk who denied him the right to file a document, and a judge who, because of the protective order, failed to return custody to him as early as he desired. He cites no action on the part of Ms. McGraw or any other DSS employee who took part in any of those alleged violations.

Mr. Dugger is a *pro se* litigant, and so his complaint is afforded liberal construction and held to a less stringent standard of pleading than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007 (per curiam). At the same time, however, liberal construction does not mean that the court can ignore a clear failure to allege facts that would set forth a claim

5

cognizable in federal court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Section 1983 liability is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citations omitted). *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that a defendant is liable under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of the plaintiff's rights; affirming dismissal of a claim in which plaintiff failed to allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

On page 4 of the complaint, the plaintiff's sole mention of any possible allegation against DSS is as follows:

> [A]fter the father (Plaintiff) was awarded custody, and the unlawful EPO mentioned in this attachment were [sic] present, the [DSS] sought removal from the mother while the child was physically in her custody, using the invalid EPO as grounds to remove to foster care and not return to the father. I believe these actions/choices were both sexually and financially motivated as permanent adoption of the child would have resulted in federal funding to be made available to [DSS] under the Adoptions and Safe Families Act of 1997.

ECF # 2, p. 4. Elsewhere in his complaint, however, the plaintiff makes clear that after the removal from Ms. Tolley, which he does not dispute was appropriate, DSS could not give him custody of the child because of the emergency protective order, and that later, Judge O'Quinn was faced with the same issue. Other than the above dark mutterings about DSS's funding sources, he never alleges that DSS was the entity depriving him of his child or violating his rights.


III.  THE OFFICIAL CAPACITY CLAIMS AGAINST MS. MCGRAW SHOULD BE DISMISSED AS DUPLICATIVE OF THE CLAIMS AGAINST BUCHANAN COUNTY DSS.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social*

6

*Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt*, 469 U.S. 464, 471–472 (1985). It is not a suit against the official personally, for the real party in interest is the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).

As the DSS is the real party in interest with respect to the official capacity claims, any claims against Ms. McGraw for constitutional violations must be dismissed. *See Green v. Mills*, 2020 U.S. Dist. LEXIS 97270 *12 (E.D. Va. June 2, 2020) (dismissing official capacity claims against the alleged tortfeasor officer and the Chief of Police of the Town of Waverly, Virginia, because they were "redundant of [Plaintiff's] § 1983 claims"). The complaint never actually names Ms. McGraw in any specific allegation, but she is an employee of the Buchanan County DSS. Because any claims are therefore necessarily duplicative of the claims against the County, all claims against Ms. McGraw in her official capacity must be dismissed.

IV.    MS. MCGRAW IS ENTITLED TO QUALIFIED IMMUNITY.

Even if Mr. Dugger's complaint is found to allege some claim against DSS for some part of his separation from his child, Ms. McGraw is entitled to qualified immunity. Qualified immunity is a shield which "protects government's ability to perform its traditional functions ... by helping to avoid unwarranted timidity in performance of public duties, ensuring that talented candidates are not deterred from public service, and preventing the harmful distractions from carrying out the work of government that can often accompany damages suits." *Filarsky v. Delia*, 566 U.S. 377, 389-90, 132 S. Ct. 1657, 182 L. Ed. 2d 662 (2012) (alteration and quotation marks omitted). Qualified immunity is not a defense to liability; it is instead an "immunity from

suit." *Smith v. City of Greensboro*, No. 1:19CV386, 2020 U.S. Dist. LEXIS 53132 at *13 (M.D.N.C. Mar. 25, 2020). As such, the U.S. Supreme Court has stressed "the importance of resolving immunity questions at the earliest possible stage in litigation." *See Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991). "One of the purposes of immunity … is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Pittman v. Nelms*, 87 F.3d 116, 119 (4th Cir. 1996).

      Under the facts as pleaded, Ms. McGraw's job as Child Protective Services Supervisor is to oversee removals of children from one or both parents for abuse or neglect, and as such she is entitled to qualified immunity. "Generally, qualified immunity operates to protect law enforcement and other government officials from civil damages liability for alleged constitutional violations stemming from their discretionary functions." *Raub v. Campbell*, 785 F.3d 876, 880-81 (4th Cir. 2015). When determining whether a claim is barred by qualified immunity, the Court must "decide whether [the plaintiff's] right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Government officials are entitled to qualified immunity from civil damages so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *see also Pearson v Callahan,* 55 U.S. at 227. "The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful." *Cassell v. Jagust*, No. 5:06-CT-3025-BO, 2008 U.S. Dist. LEXIS 59061, at *16-18 (E.D.N.C. August 8, 2008) (citing *Rogers v. Pendleton,* 249 F.3d 279, 286 (4th Cir. 2001)).

The test is a two-pronged inquiry, and if the answer to either prong is in the negative, then the defendant has qualified immunity. *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015). The first prong is the determination of whether there is a violation of a constitutional right. *Id.* As a preliminary matter, Ms. McGraw took no action—and is not alleged to have taken any action—that violated the plaintiff's constitutional rights.

## CONCLUSION

For the foregoing reasons, Defendants Buchanan County Department of Social Services and Bridgett McGraw request that the complaint against them be dismissed and for such other and further relief as the nature of this case requires and this Court deems appropriate.

                              Respectfully submitted,

                              BUCHANAN COUNTY DEPARTMENT OF
                              SOCIAL SERVICES and BRIDGETT MCGRAW

                              /s/     Kristin B. Wright
                                  Of Counsel

Jennifer D. Royer (VSB No. 68099)
Kristin B. Wright VSB No. 41314)
ROYER LAW FIRM, P.C.
P.O. Box 4525
Roanoke, Virginia 24015
Telephone:  (540) 788-2982
Facsimile:   (540) 675-4093
kwright@royerlawfirm.com

*Counsel for Defendants*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of November, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system. In addition, this pleading was also served via email and U.S. Mail upon the following non-CM/ECF user:

Mathew R. Dugger
514 Robinson Drive, Apt. 208
Johnson City, TN 37604
(423) 948-7616
mattdugger0990@gmail.com

*Pro Se Plaintiff*

                /s/     Kristin B. Wright
                  Of Counsel