# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **MATTHEW R. DUGGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV00038 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BUCHANAN COUNTY DEPARTMENT OF SOCIAL SERVICES, ET AL.,** | ) ) ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Matthew R. Dugger, Pro Se Plaintiff; Jennifer D. Royer and Kristin B. Wright, ROYER LAW FIRM, P.C., Roanoke, Virginia, for Defendants.*

The self-represented plaintiff brings this action under 42 U.S.C. § 1983 against the defendants, Buchanan County Department of Social Services (BCDSS), and Brittany McGraw, a BCDSS supervisor. The plaintiff alleges that the defendants violated his constitutional rights by temporarily placing his child in foster care rather than his custody immediately after removing the child from its mother. The plaintiff seeks monetary damages and injunctive relief that would disqualify the BCDSS from receiving federal funding. I will dismiss the action without prejudice.

After reviewing the record, I conclude that this case must be dismissed for failure to prosecute.[1] The defendants had moved to dismiss under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. On November 3, 2023, the court notified the plaintiff of the defendants' motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The court warned that failure to respond within 21 days would convey to the court that the plaintiff had lost interest in prosecuting the case and would result in dismissal. The time allowed for a response to the motion has expired. The defendants have moved to dismiss for lack of prosecution.

Federal Rule of Civil Procedure 41(b) recognizes a district court's authority to dismiss an action for failure to prosecute. *Cleveland v. Astrue*, No. 3:11CV678-REP., 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 629–31 (1962)). The court must consider four factors: (1) the plaintiff's share of personal responsibility; (2) the amount of prejudice to the defendant; (3) a history of proceeding in a dilatory fashion; and (4) the effectiveness of sanctions that are less drastic than dismissal. *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in the defendants' favor,

---

[1] I will dispense with oral argument because the facts and allegations are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne ex rel. Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

As stated, the plaintiff has failed to file any response to the arguments in the defendants' motion and has not moved for additional time to respond. The record shows that while the plaintiff may be personally responsible for failing to comply with the court's Notice, there is otherwise no history of deliberate delay or prejudice to the defendants. Therefore, I conclude that dismissal without prejudice is an appropriate sanction for the failure to prosecute this action. Accordingly, I will dismiss the case without prejudice.

A separate Judgment will enter herewith.

DATED: December 19, 2023

/s/ JAMES P. JONES
Senior United States District Judge